Michael Gerard Fletcher (State Bar No. 070849)
    mfletcher@frandzel.com
Reed S. Waddell (State Bar No. 106644)
    rwaddell@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California  90048-4920
Telephone:  (323) 852-1000
Facsimile:  (323) 651-2577

Attorneys for Creditor Cambridge Financial
of California, LLC

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>VAIL LAKE RANCHO CALIFORNIA, LLC, a California limited liability company; VAIL LAKE USA, LLC, a California limited liability company; VAIL LAKE VILLAGE & RESORT, a California limited liability company; VAIL LAKE GROVES, LLC, a California limited liability company; AGUA TIBIA RANCH, LLC, a Delaware limited liability company; OUTDOOR RECREATIONAL MANAGEMENT, LLC, a California limited liability company,<br><br>Debtors. | Case No. 12-16684-LA11<br><br>Chapter 11<br><br>Jointly Administered with:<br>Case No. 13-05927-LA11<br>Case No. 13-05930-LA11<br>Case No. 13-05931-LA11<br>Case No. 13-05932-LA11<br>Case No. 13-05944-LA11<br><br>**DECLARATION OF IAN ROBERTSON IN SUPPORT OF THE OPPOSITION OF CAMBRIDGE FINANCIAL OF CALIFORNIA LLC TO DEBTORS' MOTION FOR LIMITED SUBSTANTIVE CONSOLIDATION**<br><br>Date:     September 12, 2013<br>Time:     10:00 a.m.<br>Crtrm.:   2<br>Judge:    Hon. Louise DeCarl Adler |

1259119.1 | 100776-0001                                1
DECLARATION OF IAN ROBERTSON  IN SUPPORT OF THE OPPOSITION OF CAMBRIDGE FINANCIAL
OF CALIFORNIA LLC TO DEBTORS' MOTION FOR LIMITED SUBSTANTIVE CONSOLIDATION

Ian Robertson declares:

1. I am the manager of Cambridge Financial of California, LLC ("Cambridge"). I have personal knowledge of the matters set forth in this declaration and I could and would testify competently thereto if called upon to do so.

2. I am, among other things, a real estate developer and have been involved in real estate development since at least the early 1970s. During that period of time, I was president of American Land Management, an apartment developer in Southern California, and thereafter became the director of forward planning for Kaufman & Broad Homes of Illinois ("KB"), before becoming the regional director of forward planning for KB for Illinois and Michigan. Subsequently, I formed my own real estate development and home building company. That company purchased either substantially all of the assets, or the corporate entities, of: Rossmoor Illinois Development Company, Continental Homes of Illinois, Continental Illinois Realty (Illinois), Snyder Development of Illinois, and KB in Illinois as well as other properties becoming one of the largest home developers in Illinois. In the early 1980s our operations were expanded to Southern California and we built homes and developed land in Riverside and San Bernardino Counties. My knowledge and experience includes land acquisition, planning, zoning, entitlement, and land development as well as homebuilding.

3. I am familiar with the real estate entitlement and development processes in general, including reading and understanding planning and zoning materials and related maps, and interacting with regulatory and administrative officials and environmental groups.

4. I caused a copy to be obtained from the Riverside County Planning Department ("RCPD") of the General Plan Amendment No. 1033 together with its Staff Report (Exhibit 19). VLUSA attempted to process a change in the Riverside County General Plan as it impacts Vail Lake. In particular, VLUSA attempted to get the General Plan changed to permit more intensive development at Vail Lake. It did not succeed. The Planning Department staff recommended that VLUSA's sought-after amendment be denied, for multiple reasons. *See also* paragraph 11 below. As the planning department said in Exhibit 19:

Issues of Concern

...

5. The premise for a Foundation Amendment is that the General Plan will only be amended in any fundamental way for significant cause. There is no substantial evidence that new conditions or circumstances justifying the proposed change have occurred, since the General Plan was updated in 2003.

...

7. [VLUSA's requested amendment] does not support the General Plan's vision of **<u>maintaining existing open space, while providing appropriate recreational opportunities to the public</u>**. [Emphasis added.]

5. I have also caused to be obtained a map (Exhibit 20) showing the portion of the Western Riverside County Multi Species Habitat Conservation Plan applicable for the Vail Lake area. Virtually all of the area is under the designation requiring conservation measures that will take from 75% up to 85% of the land area of the dark green colored cells in the map.

6. The Debtors acquired the Vail Lake properties in 1998. At that time, the properties already included a recreational vehicle ("RV") park and camping site, about 6,000 acres of open space, and a boating ramp and marina. The purchase price was approximately $7,250,000. VLUSA was formed. It purchased approximately 6,000 acres of open space together with the RV park for $5,750,000. The members of VLUSA were North Plaza LLC, James Bree, Suprunk, and Shining City.

7. VLRC was formed. It separately purchased Parcel C (the marina, boat ramp and right to income from fishing and boating rights for $1,500,000. The members were Shining City and Angela Sabella.

8. In 1999 VLVR was formed. The RV park was separated from the open space. In the intervening 15 years the Vail Lake activities have consisted of:

(a) an RV park with attendant ancillary services that they then put into a separate legal liability shield entity, VLVR;

(b) a marina and concert operation, which they put into another legal liability shield vehicle, VLRC; and

(c) an orange grove, which they put into yet another legal liability shield, VLG.

9. VLUSA meanwhile has remained the owner of thousands of acres of unentitled open space accumulating millions and millions of dollars of unpaid real estate taxes. In the process, over the last 15 years Debtors have collected as much as $3,089,752 in annual **reported** income (Hebrank Declaration (ECF 54); ORM Statement of Financial Affairs, ORM, 13-05944, (ECF 17) at p.23), while **not paying tens of millions of dollars owed to secured creditors, Cambridge chief among them, or over $5 million in defaulted real property taxes owed to Riverside County (primarily as to VLUSA), or over $2.4 million owed to the IRS (as to VLVR)**! It is apparent that the income derived from the properties is merely an expansion of pre existing activities, *i.e.* the operation of an orange grove (VLG), an RV park (VLVR), and a marina and boating operation (VLRC). The Debtors have repeatedly stated that the "Vail Lake entities had no business operations and no cash flow." **This statement appears to be true as far as VLUSA is concerned because after 15 years the land owned by VLUSA remains unentitled open space subject to millions in unpaid taxes!**

10. A recent filing by counsel for the Debtors opposing the VLUSA SARE motion makes it sound as if there is an active planning process underway by the Debtors. (*See* Gertz Declaration (ECF 237-2, and -3)). Nothing could be further from the truth. I caused a search to be made of the "applicable permits and zoning restrictions" she mentioned without any context or attempt at evaluation. The results of the evaluation I caused to be made are attached as Exhibit 21. It shows the history of each of the supposed pending matters. Most are very old, have been abandoned, or were denied. For instance, her very first "Case/Permit" reference (Id. at ECF 237-3 at p. 8) shows "CZ06563." The second page of Exhibit 21 corresponds to that "Case/Permit" and shows that CZ06563 was a requested zoning change filed on October 19, 2000, and has been tagged as "Await." That means that Riverside County has taken no further action on **this 12-year old request**, and that no further processing has occurred or will occur due to missing information. The very next item on her exhibit (Id. at ECF 237-3 at p. 8) shows EA38116. As shown on page 3 of Exhibit 21, this item is also 12 years old, and has been tagged "Await." And so it goes through her exhibit. Virtually nothing other than old lot line adjustments and minor equipment repairs and maintenance have been approved. The rest have been denied, or are frozen.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

11. Of particular note, is the treatment in Exhibit 21 of the General Plan Amendment referenced above, GPA01033. Page 5 of Exhibit 21 makes it clear that Riverside County has decided that, "This case is locked at this time." That usually means a significant payment failure. Every county department that would need to review this request is prevented from doing so unless and until the planning staff removes this "lock." Also significant is the absence of any clearances from the county Land Development Committee.

12. In my opinion, while the Debtors may be able to achieve marginal and incremental additions to the recreational and agricultural activities that they have operated to date, the Debtors have shown no ability, and are unlikely, materially to be able to expand beyond what has resulted from their last 15 years of effort and their use of all of that money, both the minimum amount of cash they actually received ($23 million from Cambridge's predecessors alone just into 2005) and the payments they failed to make to secured creditors and taxing authorities. In my opinion from having developed real property for years, working with planning departments in the process, the General Plan amendment that VLUSA tried to process, as to which the planning staff recommended denial and "locked" the application, shows both that these Debtors have limited abilities to do more at Vail Lake than they have done to date, and that Riverside County (which is owed more than $5 million in defaulted taxes) is hostile to further development attempts by these Debtors.

13. Additionally, it is my understanding that General Plan amendments in Riverside County generally are only considered every several years, in batches. Through their failed and "locked" General Plan Amendment, the Debtors appear to have missed the next consideration of batches of proposed General Plan Amendments. They will likely have to wait until the next batch consideration period in 2019 or 2020.

14. Phillips has made an unfounded claim that some unidentified conditional use permits ("CUP") significantly alter the scope of VLUSA's relationship with VLRC and their respective rights. He makes a similar claim regarding VLVR. So far, no such "game changing" permits have been discovered in the evaluation that I am causing to be made as to that issue concerning VLRC. No unknown CUPs have been found affecting VLUSA as it relates to VLRC.

While it is hard to tell because Phillips has neither referenced nor attached anything to his declaration, he may have mistaken CUP 03411 or CUP 01391, which CUPs impact the Sundance parcels, which parcels are physically separate from Vail Lake and are not contiguous with any of VLUSA's unentitled land. From what I have been able to learn so far, those CUPs however do not involve VLUSA or any of its unentitled land. The evaluation continues, including as to his claims about VLVR and its relationships with VLUSA. Cambridge reserves the right to provide further evidence as to these unidentified CUPs mentioned in his declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that the opinions expressed herein are truly held by me, and that this declaration was executed this 19th day of August, 2013, at Santa Monica, California.

*/s/ Ian Robertson*

Ian Robertson

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920

1259119.1 | 100776-0001

6

DECLARATION OF IAN ROBERTSON IN SUPPORT OF THE OPPOSITION OF CAMBRIDGE FINANCIAL OF CALIFORNIA LLC TO DEBTORS' MOTION FOR LIMITED SUBSTANTIVE CONSOLIDATION